IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Courtney Lamont Pauling, ) | CIVIL ACTION NO. 9:14-4501-JMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Chuck Wright, Neal Urch, William J. ) | |
| Church, T. Hadden and A. Styles, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pre-trial detainee at the Spartanburg County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendant Styles filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on June 19, 2015. The remaining Defendants thereafter filed their own motion for summary judgment on June 22, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 24, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted, thereby ending his case.

On August 24, 2015, Plaintiff was granted an extension of time to September 17, 2015 to file his response the Defendants motions. Plaintiff thereafter filed a one page response,

---

[1] Plaintiff is now incarcerated at the Kirkland Correctional Institution, part of the South Carolina Department of Corrections (SCDC). See Court Docket No. 24 (change of address notice).

- 1 -

which does not address the Defendants arguments for dismissal of this case or provide any evidentiary exhibits in opposition to the evidence submitted by they Defendants. Rather, Plaintiff discusses his lack of legal learning and knowledge of proper procedure, and states that he has "mistakenly disregarded the exhaustion remedies, mandated by (Prison Litigation Reform Act)".[2] Plaintiff further asks that the Court show him "leniency" by dismissing his case "without prejudice", thereby giving him "the ability to solidify my relief" by allowing him to attempt to address and resolve his allegations through the "grievance system . . . which was something I was blind to previously".

Although the Defendants did raise failure to exhaust administrative remedies as a defense in their Answers; see Court Docket No. 19, p. 2, # 11 and Court Docket No. 21, p. 8, # 44; no Defendant briefed the issue of lack of exhaustion in their motions for summary judgment. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Even so, Plaintiff is correct that the Prison Litigation Reform Act requires him to exhaust his administrative remedies prior to pursuing claims in a federal lawsuit. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider,

---

[2]Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

and must dismiss, unexhausted claims"].

> While it is difficult for this Court to judge the viability of any administrative relief Plaintiff may be able to obtain at this point in time (for example, some of his claims for injunctive relief would clearly be moot since he is no longer housed at the Spartanburg County Detention Center), Plaintiff is the master of his Complaint, is obviously the one to decide whether or not he wants to continue to pursue his claims in this United States District Court, and if he has decided he wants to attempt to resolve any remaining issues he may have with the Defendants through the administrative grievance process (which Plaintiff concedes he has not pursued), then that is his right.

Plaintiff has clearly asked this Court to dismiss this case, without prejudice, and in light of the liberal deference Plaintiff is due as a pro se litigant, the undersigned finds that Plaintiff's request to dismiss his case at this time, without prejudice, should be granted.

Based on the foregoing, it is recommended that this case be **dismissed,** without prejudice. The parties are referred to the Notice Page attached hereto.

                                                      _____
                                                      Bristow Marchant
                                                      United States Magistrate Judge

October 27, 2015
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

